UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANIMAL LEGAL DEFENSE FUND, *et al.*,

      Plaintiffs

   v.

THOMAS J. VILSACK, *et al.*,

      Defendants

Civil Action No. 14-1462 (CKK)

**MEMORANDUM OPINION and ORDER**
(June 23, 2015)

    Despite the breadth of the parties' briefing, there is a narrow question before the Court: whether Plaintiffs have demonstrated that Defendants have not produced the complete administrative record regarding the renewal of the license of the Cricket Hollow Zoo by the U.S. Department of Agriculture. Even though the parties' briefing revisits the question whether the administrative record is required in the first instance, the Court already answered that request in the affirmative in a Minute Order issued January 22, 2015. In addition, the parties have each included arguments pertaining to the merits of this case, as well filed additional notices that address merits issues. But those questions are not before the Court today. Instead, before the Court is Plaintiffs' [26] Motion to Compel the Complete Administrative Record. In that motion, Plaintiffs seek to add numerous documents to the record compiled by the agency, arguing that those documents were before the agency when it made the licensing decisions at issue in this case. For the reasons stated below, the Court DENIES Plaintiff's [26] Motion to Compel the Complete Administrative Record. The Court concludes that the documents at issue were not directly or indirectly considered by the agency in the licensing renewal process and, therefore, are not properly part of the administrative record in this case.

**I. Legal Standard**

    The Administrative Procedure Act directs the Court to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. This requires the Court to review "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99 (1977). Courts in this Circuit have "interpreted the 'whole record' to include all documents and materials that the agency directly or indirectly considered ... [and nothing] more nor less." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs,* 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (citation omitted). "In other words, the administrative record 'should not include materials that were not considered by agency decisionmakers.'" *Id.* (citation omitted).

"[A]bsent clear evidence, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Id.* at 5.

"Supplementation of the administrative record is the exception, not the rule." *Pac. Shores,* 448 F. Supp. 2d at 5 (quoting *Motor & Equip. Mfrs. Ass'n, Inc. v. EPA,* 627 F.2d 1095, 1105 (D.C. Cir. 1979)); *Franks v. Salazar,* 751 F. Supp. 2d 62, 67 (D.D.C. 2010) ("A court that orders an administrative agency to supplement the record of its decision is a rare bird."). This is because "an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Pac. Shores,* 448 F. Supp. 2d at 5. "The rationale for this rule derives from a commonsense understanding of the court's functional role in the administrative state[:] 'Were courts cavalierly to supplement the record, they would be tempted to second-guess agency decisions in the belief that they were better informed than the administrators empowered by Congress and appointed by the President.' " *Amfac Resorts, L.L.C. v. Dep't of Interior,* 143 F. Supp. 2d 7, 11 (D.D.C. 2001) (quoting *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n,* 751 F.2d 1287, 1325-26 (D.C. Cir. 1984)). However, an agency "may not skew the record by excluding unfavorable information but must produce the full record that was before the agency at the time the decision was made." *Blue Ocean Inst. v. Gutierrez,* 503 F. Supp. 2d 366, 369 (D.D.C. 2007). The agency may not exclude information from the record simply because it did not "rely" on the excluded information in its final decision. *Maritel, Inc. v. Collins,* 422 F. Supp. 2d 188, 196 (D.D.C. 2006). Rather, "a complete administrative record should include all materials that might have influenced the agency's decision[.]" *Amfac Resorts,* 143 F. Supp. 2d at 12 (citations omitted). "[W]hile it is true that data and analysis compiled by subordinates may be properly part of the administrative record despite not having actually passed before the eyes of the Secretary," to be included in the Administrative Record, "the data or analysis must be sufficiently integral to the final analysis that was considered by the [agency], and the [agency's] reliance thereon sufficiently heavy, so as to suggest that the decisionmaker constructively considered it." *Banner Health v. Sebelius,* 945 F. Supp. 2d 1, 28 (D.D.C. 2013).

**II. Discussion**

The administrative record may be "supplemented" in one of two ways, "either by (1) including evidence that should have been properly a part of the administrative record but was excluded by the agency, or (2) adding extrajudicial evidence that was not initially before the agency but the party believes should nonetheless be included in the administrative record." *WildEarth Guardians v. Salazar,* 670 F. Supp. 2d 1, 5 n.4 (D.D.C. 2009). Plaintiffs rely on the first type of supplementation—documents that they argue were wrongly excluded from the administrative record.[1]

---

[1] With respect to the second type of supplementation, the D.C. Circuit Court of Appeals has "recognized a small class of cases where district courts may consult extra-record evidence when 'the procedural validity of the [agency]'s action ... remains in serious

In seeking to force Defendants to supplement the administrative record with documents that were purportedly before the agency, Plaintiffs cannot merely assert that the documents "are relevant, were possessed by the entire agency at or before the time the agency action was taken, and were inadequately considered." *Banner Health v. Sebelius,* 945 F. Supp. 2d at 17. Rather, Plaintiffs must articulate "when the documents were presented to the agency, to whom, and under what context." *Pac. Shores,* 448 F. Supp. 2d at 7 ("Although Plaintiffs imply that the Corps possessed some of the documents because Plaintiffs obtained them through a Freedom of Information Act request, there is no evidence that the Corps' decisionmaker(s) were actually aware of the fourteen documents Plaintiffs seek to include."). Furthermore, Plaintiffs must offer "reasonable, non-speculative" grounds for their belief that the documents were directly or indirectly considered by the agency. *Banner Health,* 945 F. Supp. 2d at 17. If Plaintiffs "can present such proof showing that [the agency] did not include materials that were part of its record, whether by design or accident, then supplementation is appropriate." *Nat'l Mining Ass'n v. Jackson,* 856 F. Supp. 2d 150, 156 (D.D.C. 2012) (citation omitted).

Plaintiffs seek to compel the Defendants to product the "whole record" that was before the agency at the time of each of its decisions to renew the license of the Cricket Hollow Zoo. Specifically, they seek all of the license applications, licenses, inspection reports, official warnings, enforcement actions, and communications and correspondence to or from the agency regarding the zoo. *See* Pls.' Mot, Ex. H (Lutz Letter) at 2.

As an initial matter, the Court must consider which decision(s) form the basis for the administrative record in this case. Plaintiffs purport to challenge both the 2014 licensing decisions and a "pattern and practice of licensing" decisions. The parties have not addressed the scope of this challenge other than in pair of dueling footnotes. *Compare* Defs.' Opp'n at 3 n.2 ("The only renewal decision that is properly before the Court is the recent renewal in or about May 2014.") *with* Pls.' Reply at 3 n.1 ("Plaintiffs alleged a 'pattern and practice' claim that is very much alive"). Because the 2014 licensing decision is the only discrete agency action challenged in the complaint to which it appears that a challenge is not moot, the Court presumes, for the sake of resolving this

---

question.'" *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)). The Court of Appeals has describe this prong as a "narrow set of exceptions." *Id.* Indeed, "*Esch* has been given a limited interpretation since it was decided, and at most it may be invoked to challenge gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review." *Id.* (citing *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514 (D.C. Cir. 2010)). Plaintiffs have not argued that the documents they want this Court to consider fall within this "narrow set of exceptions," much less demonstrated to this Court's satisfaction that it is applicable here—such that expanding the administrative record would be appropriate in order to resolve the currently pending motion to dismiss.

motion, that the relevant decision forming the basis of the administrative record is the 2014 licensing decision.[2] *Cf. Del Monte Fresh Produce N.A., Inc. v. United States*, 706 F. Supp. 2d 116, 119 (D.D.C. 2010) (holding that claim challenging "pattern and practice" of unreasonable delay is not justiciable under the APA).

Plaintiffs' argument for supplementing the record founders on the requirement they offer "reasonable, non-speculative" grounds that the documents were directly or indirectly considered by the agency. Defendants have repeatedly stated that they did not consider, for the purposes of renewing the license in this case, the documents that Plaintiffs seek to have included in administrative record. *See, e.g.*, Defs.' Opp'n at 4. Instead, they state that they only considered the limited materials in the application in order to determine whether the applicant has complied with the requirements of renewing a license, which they have construed to be effectively ministerial.[3] Indeed, the gravamen of Plaintiffs' claims in this action is that the agency *should have but did not* consider information about the performance of the Cricket Hollow Zoo in renewing its license. Accordingly, Plaintiffs' attempt to argue that additional materials that were in the agency's possession—such as documentation regarding alleged complaints about the zoo or agency enforcement activities—falls short. As thin as the administrative record in this case may be, the Court concludes that Plaintiffs have failed to show that the agency has improperly excluded items from the record.[4]

### III. Conclusion

For all the reasons stated above, it is **ORDERED** that Plaintiffs' [26] Motion to Compel the Complete Administrative Record is DENIED.

It is further **ORDERED** that Plaintiffs shall file an opposition to the pending Motion to Dismiss by no later than **July 23, 2015**, and that Defendants shall file a Reply in support of that motion by no later than **August 21, 2015**.

**SO ORDERED**.

Dated: June 23, 2015

                                           /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge

---

[2] The Court notes that, because of the conclusion that additional documents are *not* properly part of the administrative record, this presumption is of modest import with respect to the currently pending motion.

[3] Whether those requirements comport with the statutory scheme and are otherwise lawful is a question to be resolved another day.

[4] Although it should go without saying, the Court notes that the denial of the pending motion to compel today does not in any way suggest a resolution of Defendant's Motion to Dismiss. The Court will address the merits of that motion when it is fully briefed.